02D02-2412-PL-000630

Allen Superior Court 2

Filed: 12/31/2024 11:49 AM
Clerk
Allen County, Indiana

INDIANA COMMERCIAL COURT

| STATE OF INDIANA | ) | ALLEN COUNTY SUPERIOR COURT |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ |

GBH Holdings, LLC,

    Plaintiff,

vs.

Robert G. Byron, Cameron Lane Holdings, LLC, the Robert G Byron Revocable Trust (3-20-1998), Blue Vista Capital Management, LLC, and Blue Vista Property Services, LLC

    Defendants.

### COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

For its complaint for declaratory judgment and damages against Defendants (i) Robert G. Byron, Cameron Lane Holdings, LLC, and the Robert G Byron Revocable Trust (3-20-1998) (collectively the "**RGB Parties**") and (ii) Blue Vista Capital Management, LLC ("**BVCM**"), and Blue Vista Property Services, LLC ("**Peak**" and, together with BVCM, the "**BVCM Parties**" or "**BVCM Defendants**"); Plaintiff GBH Holdings, LLC ("**GBH**") alleges and states[1]:

#### Introduction

The RGB Parties granted Plaintiff GBH certain interests in investment funds the parties anticipated would exist. Despite those funds' existence, the RGB Parties have refused to acknowledge and document GBH's owed interests in those investment funds, purportedly based on a strained and erroneous interpretation of the governing contracts. The RGB Parties have, therefore, breached and repudiated the parties' contracts.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Future Promote Assignment Agreement (as defined herein).

1

**Facts**

1. The RGB Parties own certain rights called "Promote Interests" in various investment funds and other vehicles (referred to as "Funds" in the parties' relevant contracts).

2. Those rights entitle the RGB Parties to receive "Promote Distributions" -- *i.e.*, distributions, allocations, payments, etc. -- from the Funds.

3. On October 6, 2014, the RGB Parties and GBH entered into several agreements in connection with both GBH's separation from active business with the Defendants and the redemption of GBH's interest in BVCM and Peak.

4. One of those agreements was called the Future Promote Allocation and Assignment Agreement (hereinafter referred to as **"Future Promote Assignment Agreement"**). [2]

5. Pursuant to Section 2.01 of the Future Promote Assignment Agreement, the RGB Parties irrevocably assigned, transferred, and conveyed to GBH an identified percentage (i.e., 5% and, in certain instances, a greater percentage) of all future Promote Distributions (the "**Assigned Future Promote Distributions**") made by a Fund referred to as "Student Housing Fund III", which was originally intended to include a specifically defined Fund called "BAAG III." The parties addressed the possibility that BAAG III might not ultimately be created, however, so the definition of "Student Housing Fund III" included "the next Fund formed or established . . . if any, that has an investment objective(s) or purpose(s) similar to" the existing Fund called "BAAG II." That Section of the Future Promote Assignment Agreement specifically stated:

> "Student Housing Fund III" means, collectively, (a) Blue Atlantic Acquisition Group III, LLC, a Delaware limited liability company, any parallel Fund and any project company or other special purpose entity established for the purpose of making any investment related to any of the foregoing Funds and (b) in the event

---

[2] The parties' contracts involve confidential investment vehicles and confidential business relationships and for that reason are not attached. Defendants possess the referenced agreements. Plaintiff will provide the Court with sealed copies if required.

Blue Atlantic Acquisition Group III, LLC is not formed or established, the next Fund formed or established (including any parallel Fund and any project company or other special purpose entity established for the purpose of making any investment related to any of the foregoing Funds), if any, that has an investment objective(s) or purpose(s) similar to BAAG II, including for the purpose of investing in the development and/or redevelopment of student housing properties[.]

6. In short, using the parties' agreed terminology pursuant to the Future Promoted Assignment Agreement, the RGB parties assigned to GBH 5% of all Promote Distributions made by the Student Housing Fund III, which by definition would include 5% of the Promote Distributions from either a BAAG III Fund or the next Fund formed or established that had an investment objective or purpose similar to the then existing "BAAG II" Fund.

7. BAAG III was not formed or established. But two new Funds were formed -- Blue Vista Student Housing Fund III, L.P. (the "**BV Student Housing Fund III**") and Blue Vista Student Housing Fund III-C, LLC (the "**Existing BV Student Housing Fund III Parallel Fund**") (collectively the "**BV Student Housing Funds III**"), both of which have an investment objective or purpose of investing in the development and/or redevelopment of student housing properties similar to BAAG II.

8. That means the BV Student Housing Funds III are within the definition of "Student Housing Fund III" and, as a result, GBH owns 5% of all Promote Distributions from such BV Student Housing Funds III.

9. The RGB Parties have, however, refused to acknowledge or document GBH's rights to the Promote Distributions from the BV Student Housing Funds III, contrary to the clear language of the Future Promote Assignment Agreement. The RGB Parties erroneously contend that GBH receives its 5% interest only if Harvard is an investor in the Funds. There is nothing in any of the relevant contracts to support that position or interpretation. As a result, the RGB Parties have breached and repudiated the Future Promote Assignment Agreement.

3

10. Separately, also in connection with GBH's October 2014 separation from active involvement with the Defendants, GBH entered into a Membership Interest Redemption Agreement (the "**Redemption Agreement**") with BVCM and Peak, in part, redeeming GBH's interests in both BVCM and Peak. Section 2.2(d) of that Redemption Agreement requires BVCM and Peak to cause an entity to serve as the manager/general partner/etc. of the Future Funds and, among other obligations as manager/general partner, to issue Schedule K-1s to GBH annually for tax purposes, reflecting GBH as an owner and holder of a 5% interest in the Promote Distributions made by each such Future Fund (including the BV Student Housing Funds III).

11. However, acting in lockstep with the RGB Parties, BVCM and Peak have refused (1) to acknowledge and identify GBH as the owner of its 5% interest in all Promote Distributions from the BV Student Housing Funds III, (2) to provide GBH with annual Schedule K-1s reflecting those ownership interests, and (3) to provide GBH with annual certificates of Promote Distributions made/paid by the BV Student Housing Funds III, as well as other required information in connection with those obligations (including Certificates of Promote Paid). In doing so, BVCM and Peak have breached their obligations to GBH under the Redemption Agreement.

### Count I: Declaratory Judgment (against both the RGB Parties and BVCM Defendants)

12. Plaintiff incorporates by reference its allegations in paragraphs 1-11.

13. Pursuant to Rule 57 of the Indiana Trial Rules and the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.*, an actual, substantial, and bona fide controversy exists between GBH and the RGB Parties and the other Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment as to the parties' respective rights.

14. The parties' respective rights can be finally determined by a declaratory judgment from this Court. A declaratory judgment would, therefore, serve the useful purpose of settling the controversy regarding the respective rights, obligations, and remedies of GBH and the RGB Parties to each other.

15. GBH requests that the Court enter the following declarations:

(a) that the Promote Distributions assigned by the RGB Parties to GBH pursuant to the Future Promote Assignment Agreement includes (among others) 5% of all Promote Distributions of the BV Student Housing Funds III;

(b) that by refusing to recognize GBH's 5% interest in all Promote Distributions from BV Student Housing Funds III, the RGB Parties have breached and repudiated the Future Promote Assignment Agreement;

(c) Section 2.2(d) of the Redemption Agreement required BVCM and Peak to cause an entity to serve as the manager/general partner/etc. of the Future Funds and to issue annual Schedule K-1s to GBH for tax purposes, reflecting GBH as the owner and holder of a 5% interest in all Promote Distributions made by each such Future Fund (including the BV Student Housing Funds III Funds) and to deliver (or cause to be delivered) to GBH annual certifications of all Promote Distributions made/paid by each such Future Fund; and

(d) that BVMC and Peak breached the Redemption Agreement by failing to do so.

### Count II: Breach of Contract (against the RGB Parties)

16. Plaintiff incorporates by reference its allegations in paragraphs 1-15.

17. The Future Promote Assignment Agreement is a valid, binding contract.

18. As detailed above, the Future Promote Assignment Agreement assigned to GBH 5% of all Promote Distributions from the BV Student Housing Funds III.

19. GBH has fully performed its obligations (if any) under the Future Promote Assignment Agreement.

20. The RGB Parties have disputed and refused to acknowledge GBH's 5% interest in all Promote Distribution from the BV Student Housing Funds III and have, therefore, breached and repudiated the Future Promote Assignment Agreement.

21. The RGB Parties' breach and repudiation have caused GBH damages.

### Count III: Breach of Contract (against the BVCM Defendants)

22. Plaintiff incorporates by reference its allegations in paragraphs 1-21.

23. The Redemption Agreement is a valid and binding contract between GBH and the BVCM Defendants.

24. GBH has fully performed its obligations under the Redemption Agreement.

25. As detailed above, the BVCM Defendants have breached the Redemption Agreement.

26. The BVCM Defendants' breach has caused GBH damages.

WHEREFORE, GBH requests that the Court enter judgment in its favor, issue the above-described declarations, award GBH damages sufficient to compensate GBH for its losses and for the costs of this action, and for all other just and proper relief.

/s/ T. Joseph Wendt
T. Joseph Wendt #19622-49
Amanda Jane Gallagher #32662-79
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
jwendt@btlaw.com
agllagher@btlaw.com

*Attorneys for Plaintiff GBH Holdings LLC*

6